# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RYAN MONAHAN,

    Plaintiff,

v.

DEPUTY RYAN SUMMERS,
DEPUTY JORDAN GEYER,
DEPUTY RICHARD RACKLEY,
DEPUTY KEVIN BILBIA,
DEPUTY MARK GANEY,
DEPUTY RICHARDSON,
DEPUTY JULITE, and
JOHN DOE OAKLAND COUNTY
DEPUTY 1, in their individual capacities,

    Defendants.

_____/

Case No. 24-cv-_____

Hon. _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff RYAN MONAHAN, by and through his attorneys, Giroux Pappas Trial Attorneys, P.C., states the following for his Complaint against the above-named Defendants:

1. This is a civil action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the United States Constitution against Defendants DEPUTY RYAN SUMMERS, DEPUTY JORDAN GEYER, DEPUTY RICHARD RACKLEY, DEPUTY KEVIN BILBIA, DEPUTY MARK GANEY, DEPUTY RICHARDSON, DEPUTY JULITE and

JOHN DOE OAKLAND COUNTY DEPUTY 1, in their individual capacities.

2. All events giving rise to this lawsuit occurred in the City of Pontiac, County of Oakland, State of Michigan.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b). The events took place within the City of Pontiac in Oakland County which is located within the Southern Division of the Eastern District of Michigan.

5. At all relevant times, Plaintiff RYAN MONAHAN was a citizen of the United States and the State of Michigan.

6. Upon information and belief, Defendant DEPUTY RYAN SUMMERS, is a citizen of the State of Michigan and was at all relevant times employed as a deputy at the Oakland County Jail.

7. Upon information and belief, Defendant DEPUTY JORDAN GEYER, is a citizen of the State of Michigan and was at all relevant times employed as a deputy at the Oakland County Jail.

8. Upon information and belief, Defendant DEPUTY RICHARD RACKLEY, is a citizen of the State of Michigan and was at all relevant times employed as a deputy at the Oakland County Jail.

9. Upon information and belief, Defendant DEPUTY KEVIN BILBIA, is a citizen of the State of Michigan and was at all relevant times employed as a

deputy at the Oakland County Jail.

10. Upon information and belief, Defendant DEPUTY MARK GANEY, is a citizen of the State of Michigan and was at all relevant times employed as a deputy at the Oakland County Jail.

11. Upon information and belief, Defendant DEPUTY RICHARDSON, is a citizen of the State of Michigan and was at all relevant times employed as a deputy at the Oakland County Jail.

12. Upon information and belief, Defendant DEPUTY JULITE, is a citizen of the State of Michigan and was at all relevant times employed as a deputy at the Oakland County Jail.

13. Upon information and belief, as yet unidentified Defendant JOHN DOE OAKLAND COUNTY DEPUTIES 1, is likewise a citizen of the State of Michigan and was at all relevant times employed as a deputy at the Oakland County Jail.

14. On information and belief, or about September 19, 2022, at the time of the events alleged in this Complaint, Defendants DEPUTY RYAN SUMMERS, DEPUTY JORDAN GEYER, DEPUTY RICHARD RACKLEY, DEPUTY KEVIN BILBIA, DEPUTY MARK GANEY, DEPUTY RICHARDSON, DEPUTY JULITE and JOHN DOE OAKLAND COUNTY DEPUTY 1 were at all times acting in their individual capacities and within the scope of their employment

-3-

as deputies employed by the Oakland County Sheriff's Department and under color of state law.

## FACTUAL ALLEGATIONS

15. On information and belief, on Monday, September 19, 2022, shortly before 1:00 PM, Milford Twp. Police initiated a traffic stop of the motor vehicle in which Plaintiff RYAN MONAHAN was driving and, upon determining that he had outstanding warrants for unpaid fines, he was taken into custody and to the Milford police station to await arraignment.

16. Mr. Monahan was arraigned via video at the 52-1 District Court in Novi, Michigan at approximately 2:45 PM.

17. Mr. Monahan was unable to make bond and was transported to the Oakland County Jail in the City of Pontiac, Oakland County, Michigan, around 10:15 PM, to await a formal hearing that was set for September 27, 2022 at 8:30 AM.

18. Mr. Monahan was left to wait and sit in the "uncuff" holding cell in the receiving area of the Oakland County Jail with other detainees for a period of time, while waiting for officers to take him through the booking process.

19. Expressing his frustration at what he had already been through that day and now being made to wait to for the booking process, Mr. Monahan asked Defendant DEPUTY RYAN SUMMERS who was sitting the control room across

from the holding cell: "Hey, what's the holdup tubby?"

20. Approximately four minutes later at approximately 11:30 PM, the eight Defendant deputies had Mr. Monahan exit the holding cell.

21. The Defendant deputies then handcuffed his hands behind his back, and walked him stooped over to a separate empty holding cell away from the "uncuff" holding cell (with Defendant DEPUTY JORDAN GEYER holding him around his neck, Defendant DEPUTY RYAN SUMMERS on his right side holding his right handcuffed arm, Defendant DEPUTY RICHARD RACKLEY on his left side holding his left handcuffed arm, and the other officers arrayed closely around him).

22. While Defendant DEPUTY JORDAN GEYER purportedly yelled for Mr. Monahan to stop trying to bite him while they were escorting him into the R-6 cell to forcibly strip search and beat him, Mr. Monahan was not trying to bite him (and does not have the teeth to do so).

23. While other Defendant deputies purportedly told him to stop resisting, he was not in fact resisting and was compliant.

24. On information and belief, Defendant DEPUTY KEVIN BILBIA was positioned at Mr. Monahan's legs while he was on his stomach in the R-6 cell.

25. There is no indication in the video footage of Mr. Monahan offering any resistance to any of the foregoing actions by eight Defendant deputies, nor

-5-

does he appear to be resisting what transpired thereafter (nor was he in any position to offer any resistance at any time with the eight Defendant deputies either upon him or in very close proximity to him at all times).

26. Mr. Monahan was taken into the empty R-6 holding cell, placed on his stomach on the floor (in a prone position), and seven of the Defendant deputies piled into the small holding cell with him (with one looking in through the window from outside the cell), completely blocking the security camera from providing any view of what these deputies were doing to him.

27. However, it is nonetheless apparent that the seven Defendant deputies inside the R-6 cell were stripping Mr. Monahan naked, because articles of his clothing were being handed to officers on the outside of the scrum from the inside of the scrum, including the scraps of what appear to be his white t-shirt that they apparently cut-off of him.

28. While other Defendant deputies blocked the security camera, multiple Defendant deputies likewise beat Mr. Monahan heavily, punching and kicking him in the face, head, chest, abdomen and elsewhere while he was handcuffed, helpless and unresisting facedown on the holding cell floor.

29. After the Defendant deputies took off his handcuffs, left the holding cell, and left him lying naked face down on the holding cell floor, Mr. Monahan got up and put his articles of clothing (at least that had not been cut off and

destroyed) back on, and a pooling of Mr. Monahan's blood can be seen on the floor where he had been lying pinned face down to the cell floor.

30. Furthermore, the physical beating administered to Mr. Monahan by more than one of the eight Defendants deputies is evidenced by the obvious difference in appearance evident in the photo of his face taken at approximately 12:50 PM on February 19, 2022 at the Milford Police Department in comparison to his booking mugshot taken, after he was beaten by more than one of the Defendant deputies, on information and belief at approximately 9:30AM on February 20, 2022. (Exh. 1).

31. At approximately 11:35 PM on February 19, 2022, Mr. Monahan was evaluated by two facility nurses.

32. Mr. Monahan began to lose consciousness due to injuries he sustained in the beating and it was also noted that he was on blood thinners, and he was taken to McLaren Hospital emergency department, on information and belief just after midnight on September 20, 2022, where he was kept and treated for approximately four hours before he was returned to Oakland County Jail.

33. Mr. Monahan was ultimately provided additional time to pay his outstanding fines and released from Oakland County Jail after nearly ten days on September 29, 2022.

34. The conduct of Defendant deputies was, and remains, extreme and

outrageous, subjecting them to punitive damages.

**COUNT I - 42 U.S.C. § 1983 - EXCESSIVE FORCE – ALL DEFENDANTS**

35. Plaintiff repeats each of the preceding Paragraphs' allegations as if they were fully set forth herein.

36. The actions and/or omissions of the eight Defendant deputies described above constitute an excessive use of force in violation of Plaintiff Ryan Monahan's rights under the Fourteenth Amendment to the United States Constitution.

37. A number of the eight Defendant deputies used physical force which was objectively unreasonable and clearly excessive in light of the circumstances existing at the time in violation of Plaintiff Ryan Monahan rights under the Fourteenth Amendment to the United States Constitution.

38. While which specific Defendant deputy undertook which uses of excessive force will be determined upon identifying the specific officers in the jail videos by name in discovery, whereupon this Complaint can be amended accordingly, Defendants DEPUTY RYAN SUMMERS, DEPUTY JORDAN GEYER, DEPUTY RICHARD RACKLEY, and DEPUTY KEVIN BILBIA were each in close proximity to Mr. Monahan's body throughout the time he was pressed prone on the floor of the R-6 cell.

39. None of the actions or omissions of the eight Defendant deputies,

from the moment that they had Mr. Monahan exit the holding cell, had any apparent rational relation to a legitimate nonpunitive law enforcement or governmental purpose, and, indeed, their actions objectively appeared to have been purely retaliatory, punitive, demeaning, malicious and sadistic in nature.

40. No need existed to use force against Plaintiff as he was merely sitting in a holding cell with other detainees waiting to be booked, bonded out and/or arraigned, but it is readily apparent that the eight Defendant deputies intended to "make an example of Plaintiff" for his admittedly disrespectful remark to an Oakland County Corrections deputy: "Hey, what's the holdup tubby?"

41. Further, all eight of the Defendant deputies were each in close physical proximity to Plaintiff Ryan Monahan and one another while the aforedescribed uses of excessive force occurred and each of their failures to intervene and protect Mr. Monahan and stop such excessive use of force while it occurred before them is additionally a violation of 42 U.S.C. § 1983 and the Fourteenth Amendment.

42. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established right to be free from excessive use of force.

43. As a direct and proximate result of the above-described unconstitutional actions of eight Defendant deputies, Plaintiff sustained significant injuries, including but not limited to, on information and belief, a broken jaw,

broken nose, broken orbital bones, cheek bone fractures, a concussion, lacerations (requiring sutures) and extensive bruising/hematomas.

44. The conduct of the eight Defendant deputies was and remains, extreme and outrageous subjecting them to punitive damages.

WHEREFORE, Plaintiff requests the following relief:

a. Reasonable medical and hospital expenses;

b. Reasonable compensation for the pain and suffering endured;

c. Reasonable compensation for emotional and mental distress;

d. Punitive and exemplary damages;

e. Reasonable attorney fees, costs and interest; and

f. Such other and further relief as appears reasonable and just under the circumstances and otherwise recoverable pursuant to 42 U.S.C. §§ 1983 and 1988; and

g. Such other and further relief as this Honorable Court deems reasonable and just under the circumstances.

Respectfully submitted,

*Giroux Pappas Trial Attorneys*

By: /s/ Christian P. Collis
Robert M. Giroux (P47966)
Christian P. Collis (P54790)
Attorney for Plaintiff
28588 Northwestern Hwy., Ste. 100
Southfield, MI 48034
(248) 531-8665; Fax (248) 308-5540
rgiroux@greatMIattorneys.com
ccollis@greatMIattorneys.com

Dated: May 17, 2024

-10-

## JURY DEMAND

Plaintiff RYAN MONAHAN, by and through his attorneys, Giroux Pappas Trial Attorneys P.C., hereby demands a jury trial in this matter.

Respectfully submitted,

*Giroux Pappas Trial Attorneys*

By: /s/ Christian P. Collis
Robert M. Giroux (P47966)
Christian P. Collis (P54790)
Attorney for Plaintiff
28588 Northwestern Hwy., Ste. 100
Southfield, MI 48034
(248) 531-8665; Fax (248) 308-5540
rgiroux@greatMIattorneys.com
ccollis@greatMIattorneys.com

Dated: May 17, 2024

**PROOF OF SERVICE**

Kelly Fink, first being duly sworn, deposes and states that on the 17th day of May 2024, she served a copy of the above upon defense counsel via the Court's electronic filing system which will give notice to all parties of record. I declare under the penalty of perjury that the foregoing is true and accurate to the best of my information, knowledge, and belief.

*/s/ Kelly Fink*
Kelly Fink

-11-